# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES HOLBROOK,

        Petitioner,               Case No. 18-cv-12002
                                                 Hon. Matthew F. Leitman

v.

ERICK BALCARCEL,

        Respondent.

_____/

## ORDER OF TRANSFER TO THE SIXTH CIRCUIT COURT OF APPEALS

Petitioner Charles Holbrook has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted in 2010 of being a felon in possession of a firearm, accosting a child for immoral purposes, two counts of producing child sexually abusive material, and two counts of allowing a child to engage in child sexually abusive activity. *See People v. Holbrook*, No. 298869, 2011 WL 5064266 (Mich. Ct. App. Oct. 25, 2011). The petition asserts as grounds for relief: "I am a United States Citizen. I am Held in this <u>State</u> prison in violation of the Law. There has been no crime. The <u>State</u> has no <u>evidence</u> of any crime. There is absolutely no legal excuse for the <u>State</u> to Hold me in prison." ECF No. 1, Pg. ID 2. The Court concludes that this is a successive habeas petition and will transfer it to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

In a petition filed in 2013, Petitioner challenged the same convictions at issue here. The petition raised claims that insufficient evidence supported the convictions and the trial court erred in several evidentiary rulings. The court denied relief on the merits. *Holbrook v. Rapelje*, No. 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016) (Friedman, J.). Since that time, Petitioner has filed at least twenty federal habeas petitions attacking his convictions and sentences. *See Holbrook v. Rivard*, No. 17-13268, Order of Transfer (E.D. Mich. Oct. 30, 2017) (collecting cases).

Before a prisoner may file a habeas petition challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner has not obtained authorization from the Court of Appeals to file a successive habeas petition, and this Court lacks jurisdiction to consider second or successive habeas petitions without pre-authorization from the Court of Appeals. *Franklin v. Jenkins,* 839 F.3d 465, 475 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 2188 (2017).

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2018


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 13, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764